UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PHILLYSTINA ROGERS,

        Plaintiff,

-against-

BLYTHEDALE CHILDREN'S HOSPITAL,

        Defendants.

24-CV-1141 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. Plaintiff alleges that Defendant "allowed child protective services to remove [her] child . . . from their facility" and provided negligent medical treatment that injured her. (ECF 1 at 2-3.) By order dated February 22, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Phillystina Rogers alleges the following facts:

> Blythdale rehabilitation center/Hospital intentionally fed my daughter . . . cereal in her G-tube knowing of her diaphragmatic hernia birth defect. I was never informed by Blythdale facility.

(ECF 1 at 2.)[1] Plaintiff further states, regarding the medical issue with her daughter, that she "was notified by New York Presbyterian Hospital because an emergency surgery was needed along with my signature consent." (*Id.* at 3.)

---

[1] All spelling and punctuation are from the original unless otherwise noted.

2

Plaintiff also contends that "Blythdale also allowed Child Protective Services to remove my child from their facility with no explanation violating my parent rights as [her] biological mother." (*Id.*). Plaintiff states that her daughter "has never been home with [her]" and "ended up in foster care from January 2020 until now 2024 for no apparent reason and unnecessarily with no explanation whatsoever." (*Id.* at 7.)

Plaintiff sues Blythedale Children's Hospital, without specifying the relief that she is seeking.

## DISCUSSION

### A. Private Hospital Not Engaged in State Action

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law, or a "state actor," violated a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are therefore not generally liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. Of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Blythedale Children's Hospital is a private entity that is not alleged to be part of any federal, state, or local government agency. The actions of a private entity are attributable to the state, for purposes of Section 1983, when:

> (1) the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state ("the compulsion test"); (2) when the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the [s]tate,' or the entity's functions are 'entwined' with state policies ("the joint action test" or "close nexus test"); or (3) when the entity 'has been delegated a public function by the [s]tate' ("the public function test").

*Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (citations omitted).

The fundamental question under each test is whether the private party's challenged actions are "fairly attributable" to the State. *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). The Second Circuit has explained that is not enough "for a plaintiff to plead state involvement in 'some activity of the institution alleged to have inflicted injury upon a plaintiff'; rather, the plaintiff must allege that the state was involved 'with the activity that caused the injury' giving rise to the action." *Sybalski*, 546 F.3d at 257-58 (quoting *Schlein v. Milford Hosp., Inc.*, 561 F.2d 427, 428 (2d Cir. 1977)). The fact that an entity receives public funds does not turn private action into state action. *See Rendell-Baker*, 457 U.S. at 840.

The Second Circuit held in *Kia P. v. McIntyre*, 235 F.3d 749, 756 (2d Cir. 2000), that the private hospital at issue there was not a state actor when administering medical care but could qualify as a state actor where it acted as "part of the reporting and enforcement machinery for . . . a government agency charged with detection and prevention of child abuse and neglect." Subsequent cases have clarified that merely reporting suspected abuse, without more, does not make a hospital a joint participant in state action. *See, e.g.*, *Estiverne v. Esernio-Jenssen*, 581 F. Supp. 2d 335, 345 (E.D.N.Y. 2008) (plaintiff sufficiently alleged state action where the complaint alleged "that Medical Defendants went well beyond reporting suspected child abuse; they investigated it and detained" the child for non-medical reasons).

Here, Plaintiff sues Blythedale Children's Hospital for two actions: (1) negligence in medical treatment, because a hospital employee allegedly fed her daughter cereal though her "G-tube"; and (2) "allow[ing] child protective services [CPS] to remove [the] child . . . from their

4

facility." (ECF 1 at 2-3.) Blythedale Children's Hospital is not a state actor in providing medical care. *See, e.g., Kia P.*, 235 F.3d at 756 ("[W]e agree that insofar as the Hospital and its employees rendered medical care to Kia P. and her newborn daughter, the Hospital was . . . not a state actor."). Plaintiff therefore cannot bring claims against Blythedale Children's Hospital under Section 1983 for its actions in administering medical care.[2]

Moreover, Plaintiff's allegations that Blythedale Children's Hospital allowed a child welfare agency to remove her child are insufficient to plead that the hospital was acting as part of the enforcement machinery for preventing child abuse and neglect. Plaintiff has not alleged that the hospital was involved in detaining the child due to suspected abuse, rather than for medical treatment, or in reporting or investigating suspected abuse. Because Plaintiff fails to plead facts showing that the private hospital was engaged in state action for the challenged conduct, she fails to state a claim on which relief can be granted against Blythedale Children's Hospital under Section 1983.

**B.      Declining Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New*

---

[2] Because the Court declines, below, to exercise supplemental jurisdiction of Plaintiff's state law claims, nothing in this order prevents Plaintiff from pursuing state law claims of medical negligence in state court.

*York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C.     Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects unless it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff has already filed several overlapping suits against other defendants arising from the same or related facts. *See Rogers v. ACS*, No. 1:23-CV-03612 (PGG) (OTW) (S.D.N.Y.) (mediation pending); *Rogers v. Lopez*, No. 1:24-cv-01142-LTS (S.D.N.Y. filed Feb. 12, 2024) (suit against Family Court judges and New Alternatives for Children). Because Plaintiff proceeds *pro se*, the Court nevertheless grants Plaintiff 30 days' leave to amend her complaint to detail her federal claims against Blythedale Children's Hospital.

If Plaintiff repleads her civil rights claims under Section 1983, she must allege facts showing that the hospital was a state actor for the challenged conduct. If Plaintiff does not file an amended complaint within the time allowed, or files an amended complaint that exceeds the scope of the leave granted (such as by raising new claims against different defendants), the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead. The Court declines, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of Plaintiff's state law claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: April 15, 2024
        New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge